FILED

May 14, 2018

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 8:52 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT GRAY

| | | |
|---|---|---|
| **CONNIE JAMES,** | ) | **Docket Number: 2017-02-0444** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **HP CAMBRIDGE HOUSE,** | ) | **State File Number: 87828-2015** |
| **Employer,** | ) | |
| **and** | ) | |
| **AMERISURE,** | ) | **Judge Brian K. Addington** |
| **Insurance Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

---

This matter came before the Court on May 10, 2018, on Connie James' Request for Expedited Hearing seeking additional medical benefits for her September 2015 work-related accident at HP Cambridge House. The issue is whether Ms. James is entitled to additional treatment with the authorized treating physician, Dr. Billy Parsley, or a new panel of physicians. The Court holds she is entitled to additional treatment with Dr. Parsley.

### Claim History

Cambridge House is a health care facility. Ms. James worked transporting patients within the facility. On September 16, 2015, she tripped over a cord and fell, injuring her right knee. Ms. James reported the accident, and Cambridge House provided authorized treatment with Occupational Medicine.[1] Later, Dr. Parsley, of Associated Orthopedics in Kingsport, Tennessee, became her authorized physician.

When Dr. Parsley first examined Ms. James, he noted she suffered arthritic knee issues prior to the September 2015 incident. Because of continued pain from the

---

[1] Ms. James also reported right-shoulder pain but as of the Expedited Hearing did not request medical treatment for her shoulder.

accident, Dr. Parsley recommended a knee injection and physical therapy. Concerning the prior injury, Ms. James testified she suffered a previous meniscus tear and wore a knee brace for some time, but at the time of the September 2015 accident she suffered no knee pain.

In December, Ms. James experienced increased pain after her knee buckled while walking. She treated at the local emergency room and reported the incident to Dr. Parsley. He recommended a series of three viscosupplementation injections.

Afterwards, her knee felt better, but her pain returned in April 2016 while pushing a heavy patient up a ramp at work. Dr. Parsley ordered a round of anti-inflammatories, but the pain continued. In June 2016, Dr. Parsley recommended a total knee arthroplasty. Ms. James agreed to the surgery, and Dr. Parsley noted that he would seek authorization.

Cambridge House did not authorize the procedure, and in his July 2016 office note, Dr. Parsley stated, "The question of preexisting nature is valid as the arthritis certainly was preexisting, however this does represent an exacerbation of a preexisting condition[,] which should be covered." He also stated, "She was not having symptomatic problems with the knee up until the time of injury, at least not to the point that caused inability to work." He continued to treat her conservatively as he awaited authorization.

As of Ms. James' last visit with Dr. Parsley on August 25, 2016, Cambridge House had not approved the surgery. Some time later, Dr. Parsley left Associated Orthopedics for a position in Greeneville, Tennessee, approximately fifty-five miles from Ms. James' home. Ms. James requested a new panel of physicians; however, on October 10, 2017, Cambridge House filed a Notice of Controversy questioning causation and did not supply a panel.

In response to the denial, Ms. James' attorney sent a causation letter to Dr. Parsley. He answered affirmatively that the September 2015 incident exacerbated or aggravated Ms. James' preexisting arthritic right knee, and that the work incident contributed more than fifty percent to her right-knee injury. He explained, "Based on her report of not having pain before the injury. The arthritis is preexisting but was not painful before the injury."

Ms. James argued that she was entitled to a new panel of physicians because Dr. Parsley moved to Greeneville. She also requested the Court order Cambridge House to approve the total knee replacement surgery.

Cambridge House argued that Dr. Parsley's letter is not clear concerning causation, Ms. James's arthritis pre-existed the injury, she suffered a previous injury to her right knee, and an intervening incident caused her current complaints breaking the chain of causation.

2

## Findings of Fact and Conclusions of Law

Ms. James need not prove every element of her claim by a preponderance of the evidence to obtain relief at an expedited hearing. Instead, she must present sufficient evidence that she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2017); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Ms. James must show that she suffered an injury as defined in the Workers' Compensation Law. Considering her pre-existing arthritis, she must show that the aggravation to her arthritic knee arose primarily out of and in the course and scope of employment. Further, she must prove to a reasonable degree of medical certainty that the employment contributed more than fifty percent in causing the need for medical treatment, considering all causes. *See generally* Tenn. Code Ann. § 50-6-102(14).

Here, Cambridge House does not dispute that Ms. James tripped and fell on her right knee, but it disputes whether her current need for treatment relates to that incident.

Ms. James presented Dr. Parsley's causation letter to support her case. It is the only causation opinion in the record. Cambridge House argues that the letter is not clear. The Court finds the letter sufficiently clear to indicate the September 2015 accident aggravated her pre-existing arthritic knee because immediately before the injury, she experienced no right-knee pain. Further, Dr. Parsley knew her previous medical history, of the buckling incident when she sought emergency treatment, and of the increased pain she suffered after pushing a heavy patient up a ramp at work. With all this information, he found the work incident contributed more than fifty percent to her injury.

Based on the evidence provided, the Court holds that Ms. James would likely prevail at a hearing on the merits on her claim for medical benefits.

The question remains as to what particular benefit she is entitled: further treatment with Dr. Parsley or a new panel of physicians. Dr. Parsley's move to Greeneville causes the Court some concern whether to send Ms. James back to him or order a new panel. Also, the Court questions whether Dr. Parsley would still recommend a total knee replacement after the length of time between his last examination and the present.

Greeneville's distance from Ms. James's residence does not automatically mean the Court must order a new panel. Further, Dr. Parsley is familiar with her history and injury. The Court holds Cambridge House shall schedule Ms. James an appointment with Dr. Parsley.

**IT IS THEREFORE, ORDERED** as follows.

1. Cambridge House shall schedule Ms. James an appointment with Dr. Parsley.

2. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov.

**ENTERED May 14, 2018.**

**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

**APPENDIX**

EXHIBITS:

1. Affidavit of Ms. James
2. Affidavit of Ms. James
3. First Report of Injury
4. Wage Statement
5. Physician Panel dated February 3, 2017
6. Physician Panel dated July 23, 2017
7. Billing Statement: Appalachian Orthopedics
8. Medical opinion questionnaire by Dr. Parsley
9. Stipulated medical records for expedited hearing
10. Amended Stipulated Medical Records for Expedited Hearing
11. Workers' Compensation settlement documents dated January 27, 2015

4

TECHNICAL RECORD:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing filed November 27, 2017
4. 2nd Request for Expedited Hearing filed February 28, 2018
5. Employee's Witness List
6. Employee's Exhibit List
7. Employee's Amended Exhibit List
8. Employee's Expedited Hearing Position Statement
9. Employee's Amended Expedited Hearing Position Statement
10. Employer's Witness List
11. Employer's Exhibit List
12. Employer's Expedited Hearing Position Statement
13. Amended Employer's Expedited Hearing Position Statement
14. Motion for Continuance
15. Employer's Objection to Employee's Motion for Continuance
16. Continuance Order
17. Motion for Decision on the Record
18. Objection to Request for Expedited Hearing with a Decision on the Record
19. Order Denying Request for Decision on the Record
20. Pre-Hearing Statement
21. Order Granting Motion to Extend Deadline

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Order for Medical Benefits was sent to the following recipients by the following methods of service on May 14, 2018.

| Name | Certified Mail | First Class Mail | Email | Sent To: |
|---|---|---|---|---|
| Michael Large, Employee's Attorney | | | X | Michael@largelaw.com<br>Donna@largelaw.com |
| Leslie Bishop, Employer's Attorney | | | X | LBishop@LewisThomason.com<br>RLee@LewisThomason.com |

**Penny Shrum, Court Clerk**
**wc.courtclerk@tn.gov**

6